LAMSON BROS. & COMPANY, Appellee, v. O. H. RURUP, Appellant.

**ACCOUNT, ACTION ON:** Burden of Proof. Plaintiff, in an action on account, has the burden to prove that the account was contracted (1) by defendant, or (2) by defendant's agent, or (3) by someone whose unauthorized act was expressly or impliedly ratified by defendant.

*Appeal from Cerro Gordo District Court.*—M. F. EDWARDS, Judge.

NOVEMBER 26, 1920.

ACTION on account. Trial to a jury, and verdict and judgment for plaintiff. Defendant appeals.—*Reversed and remanded.*

*Dunn, Bryant & Clough* and *M.· C. Coughlon,* for appellant.

*J. E. Williams* and *D. H. Fitzpatrick,* for appellee.

EVANS, J.—The defendant was a commission house, operating upon the Chicago board of trade, and had a local agency at Mason City. Through this agency, the defendant placed certain orders for the purchase of certain futures in grain. The items of account are predicated upon these purchases. The defendant's answer was a general denial, and a plea that the contract of purchase was a gambling transaction. The plaintiff's account included one item under date of January 19, 1917, for the purchase of 5,000 bushels of wheat at $1.89¾. This item was specifically denied in the answer. There was evidence tending to show that this order was made by one McCauley, and that he assumed authority to make it in the name of the defendant, and upon his "number." His authority to do so was denied by the defendant, not only in his pleading but in his evidence as a witness. There was also evidence tending to show ratification by the defendant of the act of McCauley. The trial court instructed on this question as follows:

''The plaintiff has introduced evidence tending to show that these transactions were made by the defendant, or with the knowledge and consent of defendant, either express or implied, and that said defendant and McCauley were associated in said transactions.

''You are told, in order for the defendant to escape liability on these transactions, he must establish by the greater weight *or preponderance of the evidence that said McCauley acted in said matters without defendant's knowledge or consent, and that plaintiff, in so charging said deals to the defendant's account at said time, did so without any authority from defendant so to do, and that the defendant did not ratify said transactions at any time after they were made, when they came to his knowledge, if they did so come.''*

Error is assigned upon this instruction.

The burden of proof was undoubtedly upon the plaintiff as to this item, as well as to every other item. To sustain such burden, it was bound to prove that each item was contracted by the defendant, or by someone acting with authority from him, or that the defendant duly ratified the unauthorized act of McCauley, if such. The instruction as given was clearly errone-ous, and was probably the result of inadvertence. In view of the necessity of a reversal and a new trial by reason of the fore-going, we see little occasion in the record for considering other questions. In view of a new trial, we may suggest that both parties seem to have overlooked the present state of legislation on the question of the gambling character of a contract. *Harper & Ward v. Kurtz*, 188 Iowa 1047. For the error indicated, the judgment below must be and is reversed.—*Reversed and re-manded.*

Weaver, C. J., Preston and Salinger, JJ., concur.